McDANIEL v. WALKER.

1. EVIDENCE.—In an action to abate a nuisance, and for damages for flowing lands, where the defendant claims the right to overflow by title from a common source of partnership title, and agreement, the records of two actions brought for same purpose by the owners of a tract, claiming from same source, lying between the tract of plaintiff and the dam, are competent and relevant evidence against such defence.

2. CHARGE.—It is not error in the Circuit Judge to say to the jury, "I remember no evidence tending to support this defence. This being so, you will not be troubled in your investigation with the questions growing out of this defence," after he had told the jury that the facts were entirely for them, and that he would endeavor not to intimate even an opinion in reference thereto.

3. EVIDENCE.—There is no evidence in this case to show that the defendant was entitled to claim a right, under his title, to flow all the lands originally owned by Hodge and Lockhart.

4. CHARGE.—It is not error in a Circuit Judge to fail to charge a proposition which he was not requested to charge.

5. EASEMENT.—In order to support the claim of easement, the use must be adverse, continuous, and unbroken for twenty years.

6. CHARGE—REQUEST.—Party desiring the jury explicitly instructed, must submit request for such instructions.

Before IZLAR, J., Florence, February, 1894.    Affirmed.

Action by Randall McDaniel against T. J. Walker for removal of defendant's mill-dam, and for damages for overflowing plaintiff's land.

The judge charged the jury as follows:

Mr. Foreman and gentlemen of the jury: The plaintiff, McDaniel, brings this action against the defendant, Walker, to recover damages alleged to have been sustained by the plaintiff from back water cansed by the mill-dam of the defendant, and to have the alleged nuisance abated.

The plaintiff alleges in his complaint that he is the owner of a tract of land, containing 111 acres, more or less, situate in your county, and particularly described in the complaint. That the defendant wrongfully maintained a dam across the waters of Deep Hole Swamp, on which the plaintiff's lands lie, and in the vicinity thereof, whereby the water was flowed upon the lands of the plaintiff, and is kept thereon, although before this action the defendant was requested by the plaintiff to remove the same, to the nuisance of the lands of the plaintiff and to his damage $1,000.

The defendant, in his answer to the complaint of the plaintiff, denies the material allegations thereof, and for a further defence alleges that he holds by grant to one Owen Lockhart, his heirs and assigns, the right to overflow the lands of plaintiff, so far as may be necessary, to the full use and enjoyment of a mill owned by defendant, and to supply the necessary water for the running of which the dam mentioned in the complaint of the plaintiff was constructed and maintained—and that such overflow of the lands of the plaintiff as has been made by the defendant has been made under and by virtue of the said grant, and has been fully authorized and protected by the same.

And for a further defence, the defendant alleges that for more than twenty years before the time of the grievances alleged in the plaintiff's complaint, there has been maintained by Owen Lockhart, and those claiming under him, including the defendant, a dam across the waters of Deep Hole Swamp for the use of a mill connected therewith, under a claim of right and title adverse to the plaintiff, and all other persons, to erect and maintain a dam at said locality, sufficient for the full enjoyment and successful

conduct of the mill connected therewith, and that the dam complained of by the plaintiff was erected and so openly and adversely held and claimed during all of said period.

From this statement of the pleadings I trust that you will readily understand the several questions which you are called upon to consider and determine. The questions, as I understand the case, are mostly questions of fact. You are made the sole judges of the facts, and as the testimony bearing upon the issue is easily understood, and doubtless fixed in your minds, I will not undertake to restate it. I will leave the facts entirely to you, and endeavor not to intimate even an opinion thereto in anything that I may say. In passing upon the questions of fact you will be governed by such principles of law applicable thereto as I shall endeavor to give you.

The burden of proof is upon the plaintiff, and he must prove the material allegations of his complaint to your satisfaction, by the preponderance of the evidence, in order to recover. If he fails in this, he must fail in his action.

As to the second defence set up by the defendant, that he holds by grant to one Owen Lockhart, his heirs and assigns, the right to overflow the lands of the plaintiff, so far as may be necessary, to the full use and enjoyment of his mill, etc., I remember no evidence tending to support this defence. This being so, you will not be troubled in your investigations with the questions growing out of this defence.

As to the third defence, that for more than twenty years before the injuries complained of, the dam had been maintained across Deep Hole Creek for the providing of water for the use of the mill, under a claim of right adverse to the plaintiff and all other persons, and that said dam was erected and openly and adversely maintained during said period, I charge you, as matter of law, that if the defendant and those under whom he claims have continuously and adversely, under a claim of right, kept up and main-

tained said dam for twenty years, and during that period has overflowed the lands of the plaintiff, the defendant would have acquired an easement for that purpose in the lands of the plaintiff, and the defence, if sustained by the evidence, would be a bar to the action of the plaintiff, and he could not recover. But to acquire this right, the dam must have been maintained, and plaintiff's land overflowed thereby continuously for twenty years without break or interruption. Was this the case? You have heard the testimony bearing upon this issue, and from the testimony you must determine it. If the plea of the defendant has been maintained by the evidence to your satisfaction, this would end the case, and your verdict would be for the defendant; but if, on all the testimony in the case, you conclude that the plea of the defendant has not been sustained, then you will proceed to consider the other issues raised by the pleadings.

Among these questions, the most important are: 1. Does the dam maintained by the defendant back the water on the lands of the plaintiff? and if so, what injury or damage has the plaintiff suffered thereby, if any? Now, if the plaintiff has satisfied you by the preponderance of the evidence that he is the owner of the lands described in the complaint, and that the dam maintained by the defendant causes the waters of Deep Hole Creek to overflow the said lands of the plaintiff to his damage and injury, the plaintiff would be entitled to recover from the defendant such damages as in your judgment would compensate him for injury sustained. If he has not so satisfied you, he cannot recover. The nuisance complained of is the overflowing of the lands of the plaintiff, and this is the nuisance which he seeks to abate in this action.

A nuisance is anything unlawfully done or permitted, which injures or wrongs another in the enjoyment of his legal rights. A nuisance continued is a fresh nuisance every day it is suffered to remain unabated, and a new suit

for the damages caused by the continuance may, therefore, be brought from day to day.

In case you conclude that the plaintiff is entitled to recover, the question as to damages becomes important. The amount which the plaintiff should recover for the injuries and wrongs complained of must be fixed by you, and in fixing the amount you must be governed by the evidence.

It is for the injured party to show by proof the nature and extent of the injury or damages he has sustained. In the absence of fraud, malice or oppression, damages must be confined strictly to compensation for the injury. When, however, the act complained of was accompanied by an evident desire to annoy, harass, oppress or insult, or with malice or fraud, or the case is one of willful wrong, the jury may give such damages as will fully compensate the injured party for his actual losses, and, in addition thereto, such sum as from all the circumstances of the case seems just.

The terms punitive damages (damages to punish), exemplary damages (damages for example), or to teach the party a lesson for the future, are frequently misunderstood by the juries. These terms, as I understand them, mean compensation for the injury sustained; and, therefore, as a matter of justice, the law permits further compensation not only to make up to the plaintiff for all injury he has sustained, but to prevent the defendant from deriving any profit from the wrongful act complained of at the expense of the plaintiff.

The law will not, gentlemen, attempt to redress a wrong suffered by the plaintiff by inflicting another wrong on the defendant. The law never awards any unjust or wrongful damages. The law is always just and merciful. You, gentlemen, cannot, as I apprehend the law, give exemplary damages in this case unless you find that the injury complained of was caused by the willful, malicious, oppressive, wanton or reckless act of the defendant. In other words, that he willfully, maliciously, wantonly maintained his dam, and backed the water of Deep Hole Creek upon the lands of the plaintiff with intent to annoy, harass or op-

press the plaintiff. If the testimony satisfies you that such
was the case, then you may give exemplary damages—that
is, in addition to compensary damages you may find, in ad-
dition, such sums as from all the circumstances of the case
to you may seem just.

You cannot exceed $1,000 damages, as that is the amount
fixed in the complaint, and you can't go beyond that. You
take the facts that are before you in this case and make up
your verdict. You are not to consider anything outside of
the case. You must take the law as I have given it to
you; if I have made a mistake, the Supreme Court will
correct me.

In case you find for the plaintiff, you say, "We find for
the plaintiff so many dollars," writing it out in words and
not in figures. Your verdict will be, "We find for the
plaintiff so many dollars damages," and sign your name
and the word foreman under it. In case you find for the
defendant, your verdict will be, "We find for the defend-
ant," signing your name as foreman. Take the record.

The jury rendered a verdict against the defendant for
$500. Judgment was entered thereon on the 27th. day of
April, 1894.

Defendant made a motion for a new trial upon the min-
utes of the court, which was refused, and defendant appeals
on following exceptions:

I. Because his honor erred in his instructions to the jury
that there was no evidence that defendant was entitled to
claim a right to flow all of the lands originally owned by
Hodge and Lockhart under his title; whereas it is submitted
that in the affidavit of W. J. Lockhart, introduced by plain-
tiff, as well as in the recitals of the bill and answer on
which the writ of partition was ordered, introduced by
plaintiff and made evidence in his behalf, such evidence
did appear. And it is submitted that his honor had no
right to pass upon and withdraw such evidence from the
jury to be passed upon by them.

II. Because the title of defendant, derived from the original owners of the land, Hodge and Lockhart, who held unity of possession of the whole property, and used the same for the purposes of the mill now held by defendant, entitled the said defendant to use so much of the water for his mill as was necessary and proper for the use and enjoyment of the same, and his honor should have so instructed the jury.

III. Because his honor erred in admitting in evidence the two records of Sallie C. Hodge *et al. v.* W. J. Lockhart, stated in case, as the same had sole reference to plat "G," below the tract on plat "F," and derived from the different distributees of the estate of Hodge and Lockhart, which was objected by defendant as irrelevant.

IV. Because his honor erred in instructing the jury that in order to entitle the defendant to claim an easement, the use must be adverse, continuous, and unbroken for the period of twenty years.

V. Because his honor erred in refusing defendant's motion for a new trial on the grounds presented.

*Messrs. W. W. Harllee, Boyd & Brown,* and *W. A. Brunson,* for appellant.

*Messrs. E. Keith Dargan & Dargan & Coggeshall,* contra.

March 9, 1896.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   This was an action to recover damages for flowing the lands of the plaintiff by the waters of defendant's mill-pond.   A brief statement of certain undisputed facts is necessary for a proper understanding of the questions presented by this appeal.   As far back as the year 1838, Joseph Hodge ond Owen Lockhart bought a large tract of land from E. D. Law, upon which there was a mill-site; that as set forth in the answer of Owen Lockhart, in the proceeding for partition, afterwards referred to, there was an agreement between those parties that what

was called the mill tract, containing 300 acres, upon which saw and grist mills were situated, "should be held in partnership, and the saw and grist mills kept up during their joint lives and the life of the survivor, at the joint expense of the said Joseph and this defendant, and that the profits, if any, should be equally divided and the losses equally borne;" that upon the death of Joseph Hodge a proceeding was instituted in the Court of Equity by Gatsy Hodge and others, as heirs at law and devisees of said Joseph Hodge, against said Owen Lockhart, amongst other things, for a partition of said lands; that under said proceedings the lands were partitioned, and the portion containing the mill-site was allotted to Owen Lockhart, and other portions to the heirs and devisees of Joseph Hodge, as appears by a plat annexed to the "Case"—the portion marked A on said plat being allotted to Owen Lockhart, and the parcels marked G and F, with perhaps other portions, being allotted to the heirs and devisees of Joseph Hodge; that upon the death of Owen Lockhart, his lands were sold for division, and the lands embracing the mill-site were purchased by his son, W. J. Lockhart, under whom the defendant claims; that the plaintiff became the owner by intermediate conveyances of the parcel of land marked F on the plat above referred to, and the action is brought for flowing that parcel of land by the waters of the defendant's mill-pond, the mill being on a water course known and designated on said plat as Deep Hole Swamp. It appears that the mill is located below. The parcel of land next above it on said water course is the tract marked G on the plat, and tract F is next above G. On the trial of the case the plaintiff offered in evidence, against the objection of the defendant, the record of two actions brought by Sallie C. Hodge and others, who were devisees and heirs at law of Joseph Hodge, then the owners of the tract G, against W. J. Lockhart, who was then the owner of the mill tract, now owned by the defendant herein, for the purpose of recovering damages for flowing said parcel of land, in both of which actions judgments were

— South Carolina — Darlington District —

— In Equity —

Halsey Hodge et al. Vs. Owen Lockhart

The above Plat is a representation of a part of the Land purchased by Hodge & Lockhart from

Heirs of Stephen Donalds

E D Law

| | | | |
|---|---|---|---|
| A... Contains ....... | 147¼ | Acres | E..... Contains ---- 112 Acres |
| B .... | " | " | F... " .... - 110 " |
| C ... | " | " | G..... " .. - - 122 " |
| D .... | " | " | |

A Contains ....... 147¼ Acres
B .... " 111 "
C ... " 112 "
D .... " 112 "

Surveyed by request of Commissioners Decemr 12th 1857
(Signed) Wm A. Yingote
D S G

Copied by me by request of T J Walker
J M Brunson
Surveyor
July 1897

recovered against the said W. J. Lockhart, from which there was no appeal.

The present case came on for trial before his honor, Judge Izlar, and a jury, and a verdict having been rendered in favor of the plaintiff, and judgment having been entered thereon, the defendant appeals upon the several grounds set out in the record, which, together with the charge of the Circuit Judge and a copy of the plat[1] hereinbefore referred, to should be embraced in the report of this case.

The first question in natural order is that presented by the third ground of appeal—whether the Circuit Judge erred in receiving in evidence the record of the two actions brought by Sallie C. Hodge against W. J. Lockhart, the grantor of the defendant. It is contended by the appellant that these actions were *res inter alios acta*, inasmuch as those actions were brought to recover damages for flowing a different parcel of land from that involved in the present controversy, and were brought by persons under whom plaintiff does not claim. While it may be true that this would be sufficient to show that those records would not be competent evidence to show that the question here involved was *res adjudicata*, yet it does not follow that those records were either irrelevant or incompetent for any other purpose. When it is remembered that one of the main defences set up by the defendant in his answer is that he had acquired by grant to Owen Lockhart, under whom he claims, the rights to flow the lands of the plaintiff, so far as may be necessary to the full use and enjoyment of his mill, and when it is further remembered that there is no pretense that such right was acquired by any *express* grant, but only implied from the fact that Owen Lockhart and Joseph Hodge were once the owners of all of the land, which they had bought with a view to the establishment and maintenance of the mill, and hence had the right to flow any or all of the land, if necessary for the full enjoyment of said mill; and that

---

[1] See plat.

upon the severance of this common heritage this right fol-
lowed all the various parcels into which the land had been
divided, and became a burden in the nature of an easement
thereon, it seems to us that the evidence objected to be-
came quite pertinent to such defence, and certainly was
neither irrelevant nor incompetent; for it clearly tended to
show facts inconsistent with and contradictory of such
defence.    Besides, it,is perfectly manifest from a bare in-
spection of the plat that it would be a physical impossi-
bility for the water from defendant's mill-pond to reach the
parcel of land marked F on the plat without passing over
the parcel marked G; and if it had been determined in a
controversy between defendant's grantor, W. J. Lockhart,
and certain of the Hodge heirs, that he had no such im-
plied grant as above set forth to flow that portion of the
Hodge land, that certainly would be a circumstance tend-
ing to weaken the claim of right to flow another portion
of the same Hodge land, lying immediately above, *by rea-
son of any such implied grant* to flow any or all of the
Hodge land; and this circumstance would be much
strengthened by the fact that W. J. Lockhart, when the
second action was brought against him, abandoned the
defence of right arising under the alleged implied grant,
and set up another and distinct defence based upon an
alleged right conferred by special legislative enactment.
While, therefore, the testimony in question may or may
not have been sufficient to defeat the defence based upon
the alleged implied grant, yet it was relevant and compe-
tent.    The third exception is, therefore, overruled.

The first ground of appeal imputes error to the Circuit
Judge in instructing the jury that there was no evidence
that defendant was entitled, under the implied grant above
referred to, to flow all the lands originally owned by Hodge
and Lockhart, and in withdrawing from the attention of
the jury what was claimed to be evidence tending to estab-
lish that fact.    This exception does not fairly represent
what the judge said to the jury upon this point.    What he

did say was this: "As to the second defence set up by the defendant, that he holds by grant to one Owen Lockhart, his heirs and assigns, the right to overflow the lands of the plaintiff, so far as may be necessary to the full use and enjoyment of his mill, etc. I remember no evidence tending to support this defence. This being so, you will not be troubled in your investigations with the questions growing out of this defence." This language was used just after he had instructed the jury explicitly that the facts were exclusively for them, and that he would endeavor not to intimate even any opinion in reference thereto. Hence, when he told the jury that he remembered no evidence tending to show any such grant as that claimed, and this being so, the jury need not trouble themselves about that question, the judge evidently meant, and was doubtless understood by the jury to mean, that he remembered no evidence to that effect; and, if this be so, that there was no such evidence, of which the jury were the exclusive judges, then they need not trouble themselves about that matter. But waiving this, and assuming that the jury were instructed that there was no evidence to show any such grant to Owen Lockhart, we think there was no error, for we have not been able to find any such evidence. It is contended that such evidence is to be found "in the affidavit of W. J. Lockhart introduced by plaintiff, as well as in the recitals of the bill and answer on which the writ of partition was ordered." We have carefully examined the papers thus referred to, and we do not think they contain any evidence that Owen Lockhart, his heirs and assigns, had any such grant, either express or implied. Indeed, if the record of the proceedings in partition show anything upon this point, they show that even if there was ever any such implied grant as that claimed, it terminated with the life of Owen Lockhart, for the extract from his answer, which is quoted above, shows that the partnership in the mill business between himself and Joseph Hodge and the agreement was that "the saw and

grist mills should be kept up *during their joint lives and the life of the survivor.*" So that even if a grant to *Owen Lockhart* could be implied of a right to flow any or all of the lands necessary to the full use and enjoyment of the mill, such grant terminated with the life of Owen Lockhart, and did not .descend to his heirs and assigns. The first exception, in any view taken of it, must be overruled.

The second exception cannot be sustained for the reason, even if there were no other, that the Circuit Judge was not requested to charge the proposition which it is claimed he erred in failing to charge.

The fourth exception cannot be sustained, for it is very clear that the law was correctly laid down as to the mode by which an easement may be acquired by prescription. The special objection to this portion of the charge, as we gather from the argument here, is to the use of the words, "continuous and unbroken," which it is assumed conveyed the idea that the use must be *constant.* There is no warrant for this assumption in anything found in the judge's charge. If defendant had desired that the jury should have been instructed more explicitly as to the sense in which those terms were used, he should have submitted a request for such instruction, and this was not done.

The fifth exception must be overruled, as not in conformity to the spirit and intent of the fifth rule of this court, as has been frequently held.

We may add, however, that the only one of the grounds for a new trial, except the first (which clearly cannot be considered by this court), which have not already been considered is the third. That ground is based upon an entire misconception, for the Circuit Judge not only did not instruct the jury as there charged, but there is not a word in his charge with reference to any estoppel.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.